■ JERRY L. PETERSON et al., Appellants, v JOHN L. LOVECCHIO et al., Respondents. [937 NYS2d 331]—

The plaintiffs' decedent underwent surgeries, performed in succession by the defendants John L. Lovecchio and George DeNoto. While the decedent's immediate post-operative course was uneventful, she became ill after being discharged from the hospital, and, upon her re-admission, it was discovered that she had a perforation in her bowel, which ultimately led to her death. The plaintiffs subsequently commenced this action to recover damages for wrongful death, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by tendering evidence to show that they did not depart from accepted standards of medical practice during their treatment of the decedent (*see Alvarez*

*v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendants' expert, Dr. Howard G. Nathanson, opined, based, in part, upon the lack of physical symptoms of a bowel perforation immediately after surgery, that the decedent's bowel was not directly perforated during the surgery. Rather, Dr. Nathanson asserted that the perforation developed later, as a result of devascularization, which is a known complication of the surgery.

In opposition, however, the plaintiffs raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324-325). The plaintiffs' expert, Dr. David Mayer, opined, inter alia, that manifestations of devascularization would have been visible at the time of the initial surgery, and that the defendants departed from accepted standards of medical practice in failing to discover and remedy the condition during the surgery. Lovecchio also testified at his deposition that certain manifestations of devascularization can be visible. Therefore, the plaintiffs raised a triable issue of fact as to whether the defendants departed from accepted standards of medical practice by failing to detect the signs of devascularization at the time of the surgery. Contrary to the Supreme Court's conclusion, this theory of malpractice did not require the plaintiffs to rebut the defendants' showing that a patient will become septic in 26 to 48 hours if, as stated in an affirmation of the defendant's expert, the "bowel is *punctured* in the operating room" (emphasis added). The plaintiffs' theory of malpractice, supported by Dr. Mayer's affirmation, is not dependent upon the bowel having been perforated during the surgery.

The defendants' remaining contentions are without merit or need not be addressed in light of our determination.

Accordingly, the defendants' motion for summary judgment should have been denied. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.